**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DEBRA L. HARTLEY,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 12-1185 (JEB)** |
| **OFFICER WILFERT,** *et al.,* | |
| **Defendants.** | |

**MEMORANDUM OPINION**

Plaintiff Debra Hartley walked 225 miles from her home in Pennsylvania to Washington,

D.C., to raise awareness about sex discrimination in law enforcement.  When she arrived in front

of the White House, two uniformed Secret Service officers confronted her, allegedly violating

her right to freedom of expression under the First Amendment.  Although Plaintiff knows the

identity of one of the officers (Officer Wilfert), she sued the other as "Jane Doe."  She now

moves for an order directing Defendants' counsel to provide Jane Doe's name and address for

the purpose of effecting service.  Doe, meanwhile, has moved to dismiss the suit on statute-of-

limitations grounds.  Because this Court finds both Motions premature, it will deny them without

prejudice.

I.      **Background**

The facts of this case are largely set forth in Hartley v. Wilfert, No. 12-1185, 2013 U.S.

Dist. LEXIS 9482, at *1-2 (D.D.C. Jan. 24, 2013), in which the Court previously denied

Defendant Wilfert's motion to dismiss.  For purposes of these Motions, it suffices to say that

Plaintiff alleges that Defendant Doe, along with Wilfert, infringed on her right to speak on the

sidewalk in front of the White House on July 20, 2009.  Compl., ¶¶ 14, 19.

1

Hartley filed a complaint with the Secret Service about the officers' conduct on August

19, 2010.  Id., ¶ 29.  She then brought this action against Officers Wilfert and Doe on July 18,

2012, asserting one count for violation of her First Amendment right to freedom of expression.

Id. at 1, ¶ 34.  Surviving Wilfert's motion to dismiss, Plaintiff filed a Motion for An Order

Directing Defendants' Counsel to Provide Plaintiff's Counsel with Defendant Jane Doe's Name

and Address for the Purpose of Effecting Service.  See ECF No. 13.  In addition to opposing that

Motion, Doe has moved to dismiss the suit on limitations grounds.  See ECF Nos. 23, 24.

## II.      Analysis

While the two Motions are based on entirely different theories, they both relate to Doe's

identity.  It is nonetheless helpful to address them separately.

### A.  Motion for Disclosure of Name

Plaintiff has asked the Court to order Defendants' counsel to provide Defendant Jane

Doe's correct name and address because Plaintiff cannot otherwise uncover her identity.  See

Mot. for Disclosure at 1.  Plaintiff says Defendants' counsel knows Officer Doe's identity since

she filed a Motion to Dismiss on behalf of both Defendants and redacted Officer Doe's name

from the Secret Service report of the investigation.  Id. at 1-2.

Generally, courts will not entertain lawsuits unless the plaintiff makes each defendant a

party by service of process.  See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120

days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff

— must dismiss the action without prejudice against that defendant or order that service be made

within a specified time."); see also Newdow v. Roberts, 603 F.3d 1002, 1010 (D.C. Cir. 2010).

Courts recognize an exception to this general rule for cases involving "John Doe" defendants.

Newdow, 603 F.3d at 1010.  This exception applies only when discovery will make known "the

otherwise unavailable identity of the defendant."  Id.; see also Simmons v. District of Columbia,

750 F. Supp. 2d 43, 45 (D.D.C. 2011) ("Plaintiff may bring an action against unknown John Doe

defendants, but plaintiff must substitute named defendants for those unknown defendants after

the completion of discovery.").

 Courts should thus not dismiss John Doe defendants before parties have engaged in

discovery because tools such as interrogatories might allow a plaintiff to discover the unknown

identity of such defendants.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("As a

general rule, the use of 'John Doe' to identify a defendant is not favored.  However, situations

arise … where the identity of alleged defendants will not be known prior to the filing of a

complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery

to identify the unknown defendants, unless it is clear that discovery would not uncover the

identities, or that the complaint would be dismissed on other grounds.") (internal citations

omitted); see also Newdow, 603 F.3d at 1010-11 (citing Gillespie with approval); Saffron v.

Wilson, 70 F.R.D. 51, 56 (D.D.C. 1975) (refusing to dismiss John Doe defendants because

plaintiff had not had an opportunity to engage in discovery).

 Courts, however, should only allow such actions to "'proceed against a party whose name

is unknown if the complaint makes allegations specific enough to permit the identity of the party

to be ascertained after reasonable discovery.'"  Landwehr v. FDIC, 282 F.R.D. 1, 5 (D.D.C.

2010) (quoting Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995),

and refusing to allow discovery because of a "complete absence of any specific allegations

against … unnamed defendants"); see also Newdow, 603 F.3d at 1010 (refusing to entertain suit

where plaintiff named "all persons the future President could possibly invite to administer an

oath, lead a prayer, or help in the planning of these events" because "[n]o amount of discovery will uncover the identities of the unnamed defendants").

Here, the parties have not begun to engage in discovery. Without its benefit, Plaintiff has not had the opportunity to uncover the identity of Officer Jane Doe. This is not a case where Plaintiff's allegations lack specificity such that no amount of discovery would allow her to discover that identity. The proper course, therefore, is for Plaintiff to direct her discovery requests to deciphering this officer's identity. Plaintiff, moreover, has provided no authority for the notion that the Court should simply order disclosure outside of discovery. The Court, accordingly, will deny Plaintiff's Motion without prejudice as being premature.

B.  Defendant's Motion to Dismiss

Defendant, meanwhile, has moved to dismiss, arguing that Doe's identity is irrelevant because any amendment of the complaint would be untimely. The parties agree that the statute of limitations pertaining to Plaintiff's claims against Defendant Doe expired on July 20, 2012, and Hartley filed this suit two days earlier. See Nattah v. Bush, 541 F. Supp. 2d 223, 240 n.18 (D.D.C. 2008) (explaining that for causes of actions that arise under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the relevant state's personal-injury statute of limitations applies); D.C. Code § 12-301(8) (D.C.'s personal-injury statute provides three-year limitations period).

The expiration of the statute of limitations, however, does not necessarily preclude Plaintiff from amending her complaint and having it relate back to her original one. "Rule 15(c) … governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." Krupski v. Costa Crociere S.p.A., 130 S. Ct. 2485, 2489 (2010). The appropriate

posture for the Court to address this relation-back question is in connection with a motion to

amend the complaint, rather than in a motion to dismiss.

This is so in part because notice to the defendant is relevant to the inquiry.  See Fed. R.

Civ. P. 15(c)(1)(C).  Without knowing who Doe is, the Court cannot assess what notice she

received.  Once Plaintiff identifies Officer Doe, the Court will be able to address whether she had

sufficient notice to satisfy the standard for relation back.  See Philogene v. District of Columbia,

864 F. Supp. 2d 127, 134 (D.D.C. 2012) (holding that plaintiff's amended complaint did not

relate back because the prospective defendant did not have notice of action within the

appropriate time frame); see also Glover v. FDIC, 698 F.3d 139, 146 (3d Cir. 2012) (explaining,

in a case that did not involve Jane Doe defendants, that the "touchstone for relation back is fair

notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of

litigation concerning a particular occurrence has been given all the notice that statutes of

limitations were intended to provide'") (quoting Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S.

147, 149 n.3 (1984)).

In addition, the question of relation back in the context of previously unknown

defendants is a complex one that our Circuit has not addressed, but which other courts are

sharply divided on.  Compare Smith v. City of Akron, 476 Fed. Appx. 67, 69 (6th Cir. 2012)

(refusing to allow relation back because Rule 15(c) only "allows relation back for the mistaken

identification of defendants, not for defendants to be named later through 'John Doe'"), and

Flournoy v. Schomig, 418 Fed. Appx. 528, 531 (7th Cir. 2011) (affirming district court's refusal

to relate back an untimely amendment to identify unnamed prison officials whose names plaintiff

learned after discovery because plaintiff "made no mistake; he simply lacked knowledge of the

proper defendants"), with McKnight v. Iceberg Enters. LLC, No. 10-03248, 2012 U.S. Dist.

LEXIS 87816, at *5 n.1 (D.S.C. June 26, 2012) ("[I]n the case of 'Doe' substitutions, courts

should apply a Rule 15(c) analysis rather than hold that Rule 15(c) does not apply because

parties were added rather than changed") (emphasis in original), Ferencz v. Medlock, No. 11-

1130, 2012 U.S. Dist. LEXIS 149341, at *24 (W.D. Pa. Oct. 17, 2012) (explaining that in the

Third Circuit courts hold that "a plaintiff's lack of knowledge regarding a defendant's identity …

constitute[s] a 'mistake' within the meaning of" Rule 15(c)), and Archibald v. City of Hartford,

274 F.R.D. 371, 377 (D. Conn. 2011) ("In Krupski, the Supreme Court arguably confirmed that

the reference to 'mistake' in Rule 15(c)(1)(C) does not necessarily bar relation back for a

plaintiff who failed to properly name a defendant because he lacked knowledge of that

defendant's name.").

 As the Court believes that wading into this thicket without full knowledge would be

foolish, it will also deny the Motion to Dismiss as premature and wait to address this question in

connection with a potential future motion to amend complaint.

## III. Conclusion

 Because parties have not engaged in discovery and Plaintiff has not filed a motion to

amend her complaint, both Plaintiff's Motion and Defendant's Motion are premature and will be

denied without prejudice.  An Order issued this day will so reflect.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  March 21, 2013

6